## BRINKMANN v. TAYLOR.

### (Circuit Court, D. Connecticut. August 9, 1900.)

### No. 490.

PATENTS—PRIORITY OF INVENTION—WIRE BUSTLES.

In a suit by the owner of the Kiel patent, No. 626,207, for a wire bustle, for infringement by bustles manufactured by defendant under the Taylor & Hammond patent, No. 617,452, which apparently covers the same invention, and is prior in date of application and of issue, evidence offered by complainant to show priority of invention *held* insufficient, and the bill dismissed without prejudice.

In Equity. Suit for infringement of patent. On final hearing.

Elisha K. Camp, Philip Mauro, and Reeve Lewis, for complainant.

F. W. Smith, Jr., for defendant.

TOWNSEND, District Judge. It appeared at this final hearing on bill and answer that defendant manufactures bustles claimed by complainant to be covered by patent No. 617,452, and identical with those manufactured by complainant. Complainant is the assignee of patent No. 626,207, applied for October 20, 1898, by H. H. Kiel, and issued to him May 30, 1899. Defendant is the owner of patent No. 617,452, applied for August 31, 1893, by H. H. Taylor and M. B. Hammond, and issued to them January 10, 1899. Complainant is defendant in a suit brought in another circuit by this defendant for infringement of his (defendant's) said patent. The invention, if any, herein involved, seems to be covered by both patents. Therefore the first, and perhaps the decisive, question in these cases appears to be that

of priority of such alleged invention. This question of priority is not fully or satisfactorily presented herein. Complainant's counsel introduced two witnesses, complainant and one of his customers, to show a sale of one dozen of complainant's Victor bustles more than two months before the date of the application for defendant's said patent No. 617,542. Defendant's counsel did not cross-examine said witnesses on this point. He now claims, and, I think, justly, that neither of these witnesses testified that said Victor bustles were like those described in the patent in suit, and that the evidence of said sale is insufficient and unsatisfactory for various reasons, especially in view of the conduct of complainant in the patent office. Furthermore, by reason of the pendency of the other suit, neither party seemed desirous of having the question of invention now finally disposed of by reference to the prior art. In these circumstances it now seems best to formally dismiss the bill without prejudice on the ground that the complainant has through inadvertence failed to sufficiently establish priority of invention.